T.C. Memo. 2008-136


UNITED STATES TAX COURT


JOHN D. MCCLURE, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9406-07L.                    Filed May 20, 2008.


John D. McClure, Jr., pro se.

David E. Whitcomb, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 with respect to unpaid trust fund
recovery penalties under section 6672 for periods ended December
31, 1998, March 31, 1999, June 30, 1999, September 30, 1999, and

December 31, 1999.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time that he filed the petition.

On October 25, 2001, the Internal Revenue Service (IRS) sent by certified mail a Letter 1153, Trust Funds Recovery Penalty Letter, proposing to assess against petitioner a trust fund recovery penalty attributable to unpaid liabilities from Form 941, Employer's Quarterly Federal Tax Return, incurred by Netco Electrical Services, Inc., for the final quarter of 1998 and all four quarters of 1999.

On December 10, 2001, petitioner contested his liability for the proposed trust fund recovery penalty on the Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, included with the Letter 1153.

Petitioner's contest was unsuccessful, and on January 1, 2002, the IRS assessed a liability pursuant to section 6672 for the third quarter of 1999.  On January 17, 2002, the IRS assessed a liability pursuant to section 6672 for the fourth quarter of 1998, and on April 1, 2002, the IRS assessed liabilities for the first, second and fourth quarters of 1999.

On May 11, 2006, the IRS sent to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (CDP Notice). On or about May 18, 2006, petitioner sent to the IRS a Form 12153, Request for a Collection Due Process Hearing.

The notice of determination that is the basis of this proceeding was sent to petitioner on April 12, 2007. In sustaining the notice of lien, the notice of determination set forth the verification of legal and procedural requirements and discussed the relevant issues petitioner presented. In part, the notice stated:

> Pursuant to IRC 6330(c)(2)(B), a taxpayer can raise a challenge to the existence or amount of the underlying tax liability if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.

> The Taxpayer Bill of Rights 2 (TBORII) added a preliminary notice requirement regarding trust fund recovery penalty assessments made (assessed) after July 1, 1996. Pursuant to IRC 6672(b), the taxpayer must be notified in writing before an assessment is made. The notice of the proposed assessment must precede the notice and demand for payment by at least 60 days.

> In this case, Letter 1153 was mailed by certified mail to the taxpayer's last known address on October 25, 2001. The taxpayer received the notice and submitted an inadequate appeal. The taxpayer was afforded an opportunity to perfect his protest but failed to do so by the deadline of December 24, 2001. The notice and demand for payment was sent on January 17, 2002, more than 60 days after the issuance of Letter 1153. Therefore, the required pre-assessment procedures were followed.

Appeals has determined that the taxpayer is precluded from challenging the existence or amount of the underlying tax liability within the context of this due process hearing pursuant to IRC 6330(c)(2)(B). However, the taxpayer also filed Form 843, Claim for Refund and Request for Abatement, which was denied by Technical Services Advisory on November 30, 2006 and assigned to Appeals in conjunction with the collection due process hearing. The taxpayer's issues concerning the validity of the underlying liability were addressed within the separate claim proceeding. Appeals sustained the claim disallowance after determining that the taxpayer was a responsible person who willfully failed to pay the trust fund taxes as defined by IRC 6672(a) and 6671(b). A statutory notice of claim disallowance was mailed to the taxpayer within the claim proceeding.

The notice of determination also summarized petitioner's claim that he could not pay the trust fund recovery penalty and petitioner's refusal to provide information concerning his spouse's assets and stated:

Consequently, Appeals is unable to accurately determine the taxpayer's ability to pay and cannot recommend that the taxpayer's account be declared currently not collectible at this time.

The taxpayer did not propose an installment agreement or offer in compromise as a collection alternative.

In the petition, petitioner asserts that

These are not my taxes. They are taxes owed by C. Snider who owns Netco Electrical Services. I have given proof to the IRS of the ownership of Netco. I had no ownership of Netco Electrical Services, I did not collect monies; write checks or performed any daily activities of Netco. I was hired as a consultant to down size Netco, and try to increase share of Market.

OPINION

The underlying liabilities in this case were assessed under section 6672, which imposes penalties for failure to collect, account for, and pay over income and employment taxes of employees. These penalties are commonly referred to as trust fund recovery penalties. As set forth in section 6671, such penalties are assessed and collected in the same manner as taxes against a person who is "an officer or employee of a corporation * * * who as such officer, employee or member is under a duty to perform" the duties referred to in section 6672. Such persons are referred to as "responsible persons", and the term may be broadly applied. See generally Logal v. United States, 195 F.3d 229, 232 (5th Cir. 1999); Barnett v. IRS, 988 F.2d 1449, 1454 (5th Cir. 1993). Any person who qualifies as a responsible person under the statute is liable for the penalty vis-a-vis the Government; a right of contribution against other responsible persons exists but must be claimed separate and apart from proceedings to collect the penalty brought by the United States. Sec. 6672(d).

In his trial memorandum and at trial petitioner continued to maintain that he was not responsible for the trust fund recovery penalties assessed against him, and he argued that the IRS should pursue the person or persons in fact responsible. He did not dispute that he had pursued his arguments previously and

unsuccessfully. Respondent's position is that the prior opportunity to dispute the underlying liabilities precludes our consideration of petitioner's arguments.

Section 6321 creates a lien in favor of the United States on all property and rights to property belonging to a person liable for taxes when payment has been demanded and neglected. The lien arises by operation of law when the IRS assesses the amount of unpaid tax. Sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a lien under section 6323. This notice must be provided not more than 5 business days after the day the notice of lien is filed and must advise the taxpayer of the opportunity for administrative review in the form of a hearing. Sec. 6320(a)(2). Petitioner has not shown or asserted any omission with respect to the filing or notice of the lien, and none is disclosed in the record.

Section 6320 further provides that the taxpayer may request a hearing within the 30-day period beginning on the day after the 5-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). A taxpayer may raise any relevant issue

at the hearing including challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  Sec. 6330(c)(2)(A).  At the hearing a taxpayer may challenge the existence and amount of the underlying tax liability only if he or she received no notice of deficiency or did not otherwise have an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).

Our jurisdiction to review determinations under section 6330 with respect to trust fund recovery penalties is relatively recent.  See Ginsberg v. Commissioner, 130 T.C. ___ (2008).  Thus we have not explored the meaning of a "prior opportunity to dispute" in this context.  However, section 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs., addresses the meaning of that term as follows:

> Q-E2.  When is a taxpayer entitled to challenge the existence or amount of the tax liability specified in the CDP Notice?
>
> A-E2.  A taxpayer is entitled to challenge the existence or amount of the underlying liability for any tax period specified on the CDP Notice if the taxpayer did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute such liability.  Receipt of a statutory notice of deficiency for this purpose means receipt in time to petition the Tax Court for a redetermination of the deficiency determined in the notice of deficiency.  An opportunity to dispute the underlying liability

includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.  * * *

The quoted regulation has been explained and applied in circumstances similar to those in this case.  See <u>Pelliccio v. United States</u>, 253 F. Supp. 2d 258 (D. Conn. 2003).  Petitioner contested the liability in response to the Letter 1153, although his contest was unsuccessful.  Apparently he failed to follow up with Appeals after being afforded the opportunity.

In <u>Lewis v. Commissioner</u>, 128 T.C. 48, 50-61 (2007), we discussed at length and upheld the validity of section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., concluding that a prior opportunity to dispute a liability, for purposes of section 6630(c)(2)(B), did not require an opportunity for judicial review of the liability.  Thus we conclude that petitioner is not entitled to dispute here his status as a responsible person and the consequent liabilities for the underlying trust fund recovery penalties.

Because we may not redetermine the underlying liabilities, our review of the notice of determination is for abuse of discretion.  See, e.g., <u>Jones v. Commissioner</u>, 338 F.3d 463 (5th Cir. 2003).  Petitioner has not in this proceeding pursued any argument or presented any evidence that would allow us to conclude that the determination to sustain the lien was

arbitrary, capricious, without foundation in fact or law, or otherwise an abuse of discretion.  See, e.g., <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111-112 (2007).  Therefore,

<u>Decision will be entered</u>

<u>for respondent</u>.