T.C. Memo. 2011-38

UNITED STATES TAX COURT

ELIJAH B. FREEMAN, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18302-08L.          Filed February 9, 2011.

Elijah B. Freeman, pro se.

Steven M. Webster, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The petitioner, Elijah B. Freeman, Jr.,
filed a petition pursuant to sections 6320(c) and 6330(d)[1] to
challenge a determination and a supplemental determination of the
IRS Appeals Office sustaining the filing of a notice of federal

_____

[1]All section references are to sections of the Internal
Revenue Code of 1986, as amended.

tax lien to collect section 6672 trust fund recovery penalties from Freeman. The penalties relate to withholdings of payroll taxes for periods ended December 31, 2003; December 31, 2004; March 31, 2005; June 30, 2005; September 30, 2005; December 31, 2005; and March 31, 2006 (the periods at issue). We find that the Appeals Office did not abuse its discretion in sustaining the filing of the notice of federal tax lien.

                          FINDINGS OF FACT

This case was tried. The parties submitted a stipulation of facts, which the Court hereby incorporates into its findings of fact. Freeman resided in North Carolina when he filed the petition.

Freeman is the president of Dulatown Outreach Center, a charitable organization based in Caldwell County, North Carolina. Dulatown Outreach Center was unable to pay its quarterly payroll tax liabilities in full. In May 2007, Freeman was assessed section 6672 trust fund recovery penalties as a responsible officer of Dulatown Outreach Center.

Freeman and his spouse filed a joint income tax return for the tax year 2006. On June 4, 2007, the IRS assessed the tax liability reported on the return, as well as penalties.

On September 17, 2007, the IRS filed two notices of federal tax lien on Freeman's property in Guilford County, North Carolina. The first notice was filed to collect section 6672

trust fund recovery penalties for the periods at issue. The second notice was filed to collect the Freemans' joint income tax liability for 2006. On September 18, 2007, the IRS sent two letters to Freeman notifying him of the filing of the two notices of federal tax lien. Freeman was entitled to request an administrative hearing under section 6320(b)(1). He requested such a hearing, and he indicated on his request form that he wished to discuss an installment agreement. He also indicated that he sought innocent-spouse relief.

After he requested the hearing, Freeman paid the 2006 joint income tax liability. Freeman withdrew his request for a hearing with respect to the notice of federal tax lien to collect the income tax liability. The IRS released the notice. During a telephone conference on May 5, 2008, Freeman urged the Appeals Office to withdraw the remaining notice of federal tax lien (the notice to collect the section 6672 trust fund recovery penalties) because the notice was damaging his credit. The Appeals Office determined that Freeman's monthly disposable income was $1,060 and that in September 2008 his mortgage would be fully paid and his monthly disposable income would increase to $1,860. It offered an installment agreement under which Freeman would pay $500 per month for one year and $1,200 per month after that. Freeman rejected the offer. On June 24, 2008, the Appeals Office issued a notice of determination. It stated that Freeman had

claimed that his "business also had an installment agreement for the payroll tax liability." The Appeals Office stated that Freeman did not submit an acceptable collection alternative. It determined that the criteria for withdrawing a notice of federal tax lien under section 6323(j) were not met. It also stated the notice of federal tax lien was necessary to establish the federal government's priority against other creditors even though it may have adversely affected Freeman's credit.

To challenge the determination, Freeman filed a Tax Court petition. The petition states that Freeman had entered into an installment agreement. As the attorneys for the Commissioner prepared the case for trial, they determined that the Appeals Office had erred in computing Freeman's monthly disposable income as $1,060. The Commissioner moved to remand the case. On April 17, 2009, the Court granted the motion and remanded the case to the Appeals Office for the purpose of reconsidering the terms of an installment agreement. On remand, the Appeals Office determined that Freeman's monthly disposable income was $919. It offered to enter into an installment agreement under which Freeman would make payments of $919 per month to resolve his liability for section 6672 penalties. Freeman did not respond to the offer. On June 30, 2009, the Appeals Office issued a supplemental determination under section 6320 sustaining the notice of federal tax lien.

OPINION

When the IRS makes an assessment of unpaid taxes, a tax lien arises against all the property of the taxpayer. Sec. 6322. The lien is perfected against subsequent creditors once the IRS files a notice of federal tax lien with the appropriate local government. Sec. 6323(a), (f)(1). The IRS may withdraw the notice of federal tax lien if "the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise". Sec. 6323(j)(1).

At an Appeals Office hearing after the issuance of a notice of federal tax lien, the taxpayer may raise any issue related to the notice of federal tax lien, including challenges to the appropriateness of the notice of federal tax lien and offers of installment agreements. Secs. 6330(c)(2)(A), 6320(c). The Appeals Office must consider the issues raised by the taxpayer in making its determination. Sec. 6330(c)(3). The determination of the Appeals Office is reviewed by this Court for abuse of discretion when, as here, the amount of the underlying liability is not at issue. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008).

Freeman contends that he signed an installment agreement. Therefore, he argues, the Appeals Office erred in sustaining the notice of federal tax lien. Freeman introduced the installment

agreement at trial.  The agreement was signed by Freeman on behalf of Dulatown Outreach Center to settle its "Form 941" liability.  As an employer, Dulatown Outreach Center was required to withhold Federal Insurance Contributions Act (FICA) tax and income taxes from its employees' wages and pay them over to the United States.  See sec. 3402(a)(1) (requiring employer to withhold income tax from wages); sec. 3403 (employer is liable for paying income tax it is required to withhold); sec. 3101 (imposing FICA tax on wage earners); sec. 3102(a) (requiring employer to withhold from wages the amount of the tax imposed by section 3101); sec. 3102(b) (employer is liable for paying tax it is required to withhold under section 3102(a)).  Dulatown Outreach Center was also liable for the employer's share of FICA taxes.  See sec. 3111(a) and (b).  All these liabilities are reported on Form 941, Employer's Quarterly Federal Tax Return.

Section 6672(a) imposes a penalty on persons, other than the employer, who are responsible for withholding taxes.  Liability under section 6672 is different from the employer's liability for payment of tax required to be withheld.  See United States v. Pomponio, 635 F.2d 293, 298 (4th Cir. 1980) ("Their individual liability under the statute is separate and distinct from that of the corporations").[2]  The installment agreement concerns the

---

[2]While the liabilities are separate as a conceptual matter, the IRS endeavors to collect a trust fund tax only once--from the
(continued...)

liability of Dulatown Outreach Center for failing to pay taxes it was required to withhold, not the section 6672 penalty liability of Freeman. Therefore the installment agreement did not justify the release of the notice of federal tax lien to collect Freeman's section 6672 penalty liability.

Freeman also argues on brief that the Appeals Office failed to consider that the notice of federal tax lien impaired Freeman's credit. However, the determination notice itself reflects that this was considered. The record does not show that the Appeals Office abused its discretion in its consideration of the effect on Freeman's credit. See sec. 6330(c)(2)(A)(ii), (3)(B).

Freeman also argues on brief that he is entitled to innocent-spouse relief because the notice of federal tax lien concerns Dulatown Outreach Center, and his spouse is not connected with that organization. The record does not show that the Appeals Office abused its discretion in (1) treating Freeman's innocent-spouse claim as a request that he be relieved of his 2006 income tax liability and (2) determining that he had withdrawn that request when that liability was paid.

Freeman also argues on brief that the assessment was incorrectly calculated. However, the determination notice

---

2(...continued)
employer if possible, and if not, from a responsible party. United States v. Pomponio, 635 F.2d 293, 298 (4th Cir. 1980).

reflects that Freeman did not dispute the amount of his liability at the hearing, and he does not contend otherwise. See sec. 301.6320-1(f)(2), A-F3, Proced. & Admin. Regs. (the taxpayer can ask the Tax Court to consider only issues that were raised at the hearing). Nor does his petition dispute the amount of his liability. Rule 34(b)(4), Tax Court Rules of Practice and Procedure (petition must clearly and concisely specify the errors made by the IRS). He is therefore barred from disputing the liability at trial.

The determination and supplemental determination of the Appeals Office were not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.