T.C. Memo. 2011-290

UNITED STATES TAX COURT

RICHARD LOREN MORGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8441-10L.          Filed December 19, 2011.

Richard Loren Morgan, pro se.

<u>Alicia E. Elliott</u> for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  This case arises from a petition for
judicial review filed in response to a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination) issued to petitioner.[1]  The issues for

---

[1]Unless otherwise indicated, all section references are to
(continued...)

decision are: (1) Whether petitioner may challenge the existence or amount of the underlying tax liability; and (2) whether respondent abused his discretion in determining to proceed with the collection of the section 6672 trust fund recovery penalties (TFRPs) assessed against petitioner as a responsible person for failing to collect and pay over employment taxes of OrderPro Logistics, Inc. (OrderPro), for quarterly periods ending (QE) September 30 and December 31, 2003, and March 31, 2004.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. Petitioner was previously known as Richard L. Windorski. He legally changed his last name to Morgan in 2006. At the time petitioner filed his petition, he lived in Arizona.

Petitioner was the founder and CEO of OrderPro. On May 1, 2004, petitioner resigned as CEO of OrderPro. When he resigned, he also sent a letter to the board of directors instructing OrderPro to deposit a $105,000 check from him and informing them that additional funds of $95,000 would be paid by May 10, 2004. Petitioner's letter did not state why such funds were paid or due

---

[1](...continued)
the Internal Revenue Code, as amended.

to be paid to OrderPro, nor did the letter direct that such funds be used for a specific purpose.

OrderPro failed to pay its employment tax liabilities for several quarters while petitioner was CEO.  On December 5, 2006, the Internal Revenue Service (IRS) sent to petitioner Letter 1153, Trust Funds Recovery Penalty Letter, proposing an assessment of TFRPs against petitioner under section 6672 as a person required to collect, account for, and pay over employment taxes related to OrderPro, for the QEs September 30 and December 31, 2003, and March 31, 2004.[2]  The IRS' proposed assessment provided for TFRPs due from petitioner of $891 for QE September 30, 2003, $51,302 for QE December 31, 2003, and $57,111 for QE March 31, 2004.  Between 2004 and 2008 petitioner sent the IRS numerous letters providing information regarding funds belonging to OrderPro that he believed were available for payment to satisfy OrderPro's employment tax obligations.  The IRS did not act on any of petitioner's letters.

On February 1, 2007, petitioner filed a protest letter, contesting the assessments of TFRPs proposed in the Letter 1153 that he received from respondent.  The Appeals officer determined that petitioner was liable for the TFRPs and on March 4, 2008,

---

[2]Letter 1153 proposed additional TFRPs against petitioner for QE Mar. 31, 2003, and QE June 30, 2004.  These additional TFRPs are no longer at issue in this case.

sent petitioner a determination letter. On March 11, 2008, the TFRPs were assessed against petitioner.

On May 27, 2008, respondent sent petitioner a Letter 1058, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), with respect to the TFRPs. On June 16, 2008, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing. Settlement Officer James Wood (Wood) was assigned to petitioner's appeal.

Wood held a telephone conference with petitioner on November 25, 2008. During this conference Wood requested that petitioner file his 2006 and 2007 Federal income tax returns and provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. On January 6, 2009, Wood received petitioner's 2006 and 2007 income tax returns, and on January 26, 2009, Wood received petitioner's completed Form 433-A.

Petitioner's Form 433-A reported monthly income of $1,800 and monthly expenses of $7,450. Because of the large discrepancy, Wood requested additional information regarding any additional sources of income, including the income of petitioner's spouse, and an explanation as to how petitioner was able to pay his expenses. On March 10, 2010, petitioner sent Wood a letter stating that he used credit cards and other loans

to pay his expenses.  Petitioner did not provide any other evidence or documentation to substantiate his claims.

Wood determined that the information petitioner provided was insufficient to support any collection alternative and sustained the levy.  On March 18, 2010, respondent issued a notice of determination to petitioner.  Petitioner timely filed his petition.

## OPINION

The underlying liabilities in this case were assessed under section 6672(a), which imposes TFRPs for failure to collect, account for, and pay over income and employment taxes of employees.  The penalties are assessed and collected in the same manner as taxes against a person who is "an officer or employee of a corporation * * * who as such officer, employee, or member is under a duty to perform" the duties referred to in section 6672.  Sec. 6671(b).  Petitioner was the CEO of OrderPro until May 1, 2004, when he resigned.  He was, therefore, a person responsible to collect, account for, and pay over employment taxes for all tax periods at issue in this case.

To impose the TFRPs, section 6672(b)(1) required respondent to notify petitioner that he was subject to the penalties.  The Letter 1153 petitioner received from respondent provided such notice and informed petitioner of his right to protest the proposed TFRPs administratively with the Commissioner.  See Mason

v. Commissioner, 132 T.C. 301, 318 (2009); see also Orian v. Commissioner, T.C. Memo. 2010-234; McClure v. Commissioner, T.C. Memo. 2008-136. Petitioner filed a protest to the proposed TFRPs, arguing that respondent had failed to collect the unpaid employment taxes from OrderPro despite petitioner's efforts to inform respondent of funds available for payment, including the $200,000 he paid to OrderPro.

The liability of a responsible person under section 6672 is independent of the employer corporation's duty to pay trust fund taxes.[3]  See Cash v. United States, 961 F.2d 562, 565 (5th Cir. 1992).  This is well-established law in the Ninth Circuit, the circuit in which an appeal in this case would be heard, where section 6672 "operates as a penalty by creating an obligation, separate and distinct from the underlying tax obligation". Duncan v. Commissioner, 68 F.3d 315, 318 (9th Cir. 1995), affg. in part, revg. in part and remanding T.C. Memo. 1993-370; see also J.J. Re-Bar Corp. v. United States (In re J.J. Re-Bar Corp.), 644 F.3d 952, 957 (9th Cir. 2011); Balzer v. United States, 22 Fed. Appx. 942 (9th Cir. 2002) (there is no requirement that the IRS pursue collection of employment taxes from the corporation before assessing the penalty against the responsible person).  The Government's diligence, or lack

---

[3]A right of contribution against other responsible persons exists but must be claimed separate and apart from proceedings to collect the penalty brought by the United States.  Sec. 6672(d).

thereof, in its collection efforts against the corporation is irrelevant.  See Howard v. United States, 711 F.2d 729, 736 (5th Cir. 1983) (rejecting the taxpayer's contention that the IRS' failure promptly to collect the taxes from the corporation for which he had been a corporate officer absolved him of liability under section 6672); see also Calderone v. United States, 799 F.2d 254, 257 (6th Cir. 1986); Cooper v. United States, 539 F. Supp. 117, 121 (E.D. Va. 1982) (explaining that section 6672 "does not include any requirement that the government exercise 'due diligence' in its collection efforts against the employer corporation"), affd. 705 F.2d 442 (4th Cir. 1983).

The Appeals officer determined that petitioner was liable for the TFRPs, sent petitioner a determination letter to that effect, and assessed the TFRPs pursuant to section 6672.  Shortly thereafter respondent sent petitioner a notice of intent to levy to collect the TFRPs.

Petitioner requested and received a collection due process hearing pursuant to section 6330 (CDP hearing).  At the CDP hearing a taxpayer may challenge the existence and amount of the underlying tax liability only if he or she received no notice of deficiency or did not otherwise have an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).

Petitioner did not receive a notice of deficiency.  However, he was given an opportunity to dispute his underlying tax

liability when he received the Letter 1153, a section 6672(b)(1) notice, which he contested.  An opportunity to dispute an underlying tax liability includes an opportunity for an Appeals conference either before or after the assessment of the liability.  Lewis v. Commissioner, 128 T.C. 48 (2007) (holding valid section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  We have held that the receipt of a Letter 1153 constitutes an opportunity to dispute the taxpayer's liability.  McClure v. Commissioner, T.C. Memo. 2008-136.[4]  Thus, we conclude that petitioner is not entitled to dispute in this Court his status as a responsible person and the consequent liabilities for the underlying TFRPs.

Where the underlying tax liability is not at issue, we review the notice of determination for abuse of discretion.  Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).  This Court will find an abuse of discretion has occurred in collection due process cases where the exercise of discretion was arbitrary, capricious, or without foundation in fact or law.  See e.g., Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007).  We are satisfied that respondent's actions in sustaining the levy were appropriate and not an abuse of discretion.

---

[4]Cf. Mason v. Commissioner, 132 T.C. 301, 318 (2009) ("a section 6672(b)(1) notice that was not received, but not deliberately refused, by a taxpayer does not constitute an opportunity to dispute that taxpayer's liability").

A taxpayer may raise in a CDP hearing any relevant issue, including challenges to "the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement or an offer-in-compromise." Sec. 6330(c)(2)(A).  We have already addressed the appropriateness of the collection action.  With respect to collection alternatives,  petitioner provided limited financial data to Wood, but when asked for more details, he did not provide the requested documentation.  Further, he did not propose an installment agreement or an offer-in-compromise.  On the evidence before us, the determination to proceed with collection was not arbitrary, capricious, or without foundation in fact or law.

The Court, in reaching its holdings, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.