T.C. Memo. 2013-118

UNITED STATES TAX COURT

SOLUCORP, LTD., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28917-11L.                    Filed May 2, 2013.

<u>Jeremy M. Klausner</u>, for petitioner.

<u>Thomas A. Deamus</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  In its petition, petitioner asks us to

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and as in effect at all relevant times, and Rule references
are to the Tax Court Rules of Practice and Procedure.

[*2] review the determination of the IRS' Appeals Office to proceed with collection actions with respect to petitioner's tax liabilities pursuant to section 6672 for the tax periods ending on the following dates: December 31, 2004; March 31, June 30, September 30, and December 31, 2005; March 31, June 30, September 30, and December 31, 2006; March 31, June 30, September 30, and December 31, 2007; March 31, June 30, September 30, and December 31, 2008; and March 31 and June 30, 2009 (periods in issue).

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. Where noted below, we take judicial notice of certain facts relating to petitioner's wholly owned subsidiary, EPS Envtl., Inc. (EPS), which are set forth in this Court's order and decision in EPS Envtl., Inc. v. Commissioner, Docket No. 13182-11L (EPS Envtl., Inc. order and decision). Petitioner is a Canadian entity with a U.S. mailing address at the time it filed its petition in Orangeburg, New York.

EPS did not pay its tax liabilities reported on Forms 941, Employer's Quarterly Federal Tax Return, for the periods in issue. At various times from 2007 through 2010, respondent assessed against EPS certain Form 941 tax liabilities for the periods in issue. Throughout 2009 and 2010 respondent issued

**[*3]** to EPS multiple notices of intent to levy and multiple notices of Federal tax lien filings regarding the Form 941 tax liabilities for the periods in issue. EPS responded to respondent's notices by filing Forms 12153, Request for a Collection Due Process or Equivalent Hearing. During its collection due process (CDP) hearing on July 13, 2010, EPS did not dispute the underlying liabilities but instead requested, and was granted, additional time to submit an offer-in-compromise (OIC).[2]

On July 17, 2010, after EPS' CDP hearing, respondent sent petitioner a Letter 1153 notifying it of respondent's intent to assess trust fund recovery penalties pursuant to section 6672 (TFRPs) against it as a responsible person for EPS' unpaid Form 941 tax liabilities for the periods in issue. Petitioner did not respond to or contest the proposed assessment of TFRPs as set forth in the Letter 1153. On September 7, 2010, respondent assessed against petitioner TFRPs for the periods in issue and issued to it Forms 6335, NMF First Notice, for each of the periods in issue to notify it of the assessments and amounts due. On September 8, 2010, the IRS' Appeals Office received the final signed document needed to

---

[2]See EPS Envtl., Inc. v. Commissioner, Docket No. 13182-11L (EPS Envtl., Inc. order and decision).

**[\*4]** process EPS' OIC application.[3]  On October 25, 2010, petitioner responded to the Forms 6335 and requested that, because EPS had submitted an OIC, any collection action should be suspended.  Respondent notified EPS on April 29, 2011, that its OIC would be rejected and during May 2011 sent EPS notices of determination sustaining the collection actions against it.[4]  EPS petitioned this Court on June 3, 2011, contending that the Appeals Office abused its discretion in rejecting its OIC and requesting remand for reconsideration on the basis of changed financial circumstances.[5]

On May 21, 2011, respondent issued to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding the TFRPs for the periods in issue.  On June 14, 2011, petitioner timely submitted a Form 12153 requesting a collection alternative, a face-to-face hearing, and review of the underlying tax liabilities.  Petitioner also alleged that the levy would impose an undue hardship on it and render it unable to pay its daily operating expenses.

---

[3]See EPS Envtl., Inc. order and decision.  Respondent alleges that EPS submitted the OIC on September 13, 2010, and petitioner alleges that EPS submitted the OIC on July 13, 2010.  The date on which EPS completed submission of its OIC application is not material to the instant case, so we use the date the Court noted in the EPS Envtl., Inc. order and decision.

[4]See EPS Envtl., Inc. order and decision.

[5]See EPS Envtl., Inc. order and decision.

[*5] On September 8, 2011, Settlement Officer Iris Reubel (SO Reubel), employed by the IRS' Appeals Office, sent petitioner a letter to schedule a telephone CDP hearing on September 27, 2011. The September 8, 2011, letter stated that if petitioner wished to reschedule or preferred a face-to-face hearing, it was to notify SO Reubel by September 22, 2011. In the letter SO Reubel informed petitioner that the CDP hearing would be its chance to discuss collection alternatives and its disagreement with the levy. However, the September 8, 2011, letter also stated that, for SO Reubel to consider collection alternatives, petitioner had to file all required Federal tax returns and, by September 22, 2011, submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals and/or Form 433-B, Collection Information Statement for Businesses, along with additional supporting financial documentation.

Petitioner neither contacted SO Reubel before the scheduled teleconference to reschedule the CDP hearing or request a face-to-face hearing nor participated in the scheduled CDP hearing. On September 27, 2011, SO Reubel sent petitioner a letter stating that it had failed to participate in the scheduled telephone CDP hearing and that it had 14 days to provide additional information before she would make a determination. In response, petitioner urged SO Reubel to suspend collection action and delay any determination until EPS' proceeding before this

**[*6]** Court was final.  On November 18, 2011, SO Reubel sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the collection.

On December 19, 2011, petitioner timely petitioned this Court for review of respondent's notice of determination.  Respondent filed a motion for summary judgment on July 31, 2012, and petitioner filed an opposition thereto on August 31, 2012.  On November 19, 2012, the Court issued the EPS Envtl., Inc. order and decision, granting respondent's motion for summary judgment and denying EPS' request for respondent to reconsider EPS' OIC.[6]

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials; it may be granted where there is no genuine dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine dispute of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  However, the party opposing summary judgment must set

_____

[6]See EPS Envtl., Inc. order and decision.

**[*7]** forth specific facts that show a genuine dispute of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); King v. Commissioner, 87 T.C. 1213, 1217 (1986). Because the parties do not dispute any of the material facts, we conclude that the instant case is ripe for summary judgment.

We have jurisdiction over this matter because petitioner filed a timely petition for review in response to respondent's valid notice of determination to proceed with collection. See sec. 6330(d)(1). If the validity of the underlying tax liabilities is not properly in issue, we will review the Appeals Office's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the validity of the underlying tax liabilities is properly in issue, we will review the matter de novo. Id. Accordingly, we must first determine whether the validity of the underlying tax liabilities is properly in issue.

If a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6331(a) authorizes the Commissioner to collect the tax liability by levy on the taxpayer's property. Section 6330(a)(1) provides that no levy may be made on any property or right to property of any taxpayer unless the Commissioner has notified such taxpayer in writing of the right to a hearing under

[*8] section 6330 before such levy is made. Respondent made petitioner aware of its right to a hearing when respondent sent petitioner the Letter 1058 on May 21, 2011. Petitioner properly requested a section 6330 CDP hearing by submitting a Form 12153. On the Form 12153 petitioner requested de novo review of the underlying tax liabilities. Additionally, in its petition and response to respondent's motion for summary judgment, petitioner challenged the underlying tax liabilities by claiming that it was not the correct taxpayer (i.e., a responsible person pursuant to section 6672) and that EPS was the correct taxpayer.

Generally, at a CDP hearing a taxpayer may raise appropriate spousal defenses, challenge the appropriateness of collection actions, and offer collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may challenge the existence or amount of the underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the underlying liability. Sec. 6330(c)(2)(B). However, where the assessments against the taxpayer are TFRPs, the Commissioner does not issue and mail a notice of deficiency. See sec. 6212(a). Instead, the Commissioner is required to provide the taxpayer with notice of the TFRPs before assessment. Sec. 6672(b)(1). Letter 1153 provides a taxpayer with section 6672(b) notice and the means of protesting a proposed TFRP assessment administratively with the Commissioner. Mason v.

[*9] <u>Commissioner</u>, 132 T.C. 301, 317 (2009). We have held that receipt of a Letter 1153 constitutes an opportunity to dispute the taxpayer's liability. <u>Morgan v. Commissioner</u>, T.C. Memo. 2011-290, 2011 WL 6762929, at *3 (citing <u>McClure v. Commissioner</u>, T.C. Memo. 2008-136).

On July 17, 2010, respondent sent petitioner a Letter 1153 notifying it of respondent's intent to assess TFRPs against it for the periods in issue. Petitioner did not respond to or contest the proposed assessment of TFRPs as set forth in the Letter 1153. When we review a motion for summary judgment, factual inferences are viewed in the light most favorable to the nonmoving party, but the party opposing summary judgment must set forth specific facts that show a genuine dispute of material fact exists. <u>See</u> Rule 121(d); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520. Petitioner does not allege that it did not receive the Letter 1153. Accordingly, we conclude that petitioner received the Letter 1153 and, therefore, had a prior opportunity to challenge the underlying liabilities. <u>See</u> <u>Mason v. Commissioner</u>, 132 T.C. at 317-318; <u>Morgan v. Commissioner</u>, 2011

**[\*10]** WL 6762929, at \*3. Consequently, petitioner is precluded from challenging the underlying liabilities.[7]

Because the validity of the underlying tax liabilities is not properly at issue, we will review respondent's administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. at 181-182. In reviewing for abuse of discretion, we will reject the determination of the Appeals Office if the determination was arbitrary, capricious, or without sound basis in fact or law. See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). However, we do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the levy should be withdrawn. See Murphy v. Commissioner, 125 T.C. at 320. Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any

_____

[7]Moreover, underlying liability, and other sec. 6330(c)(2) issues, must be raised with the Appeals Office at the CDP hearing to be properly raised before this Court. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Although petitioner made vague references to challenging the underlying liabilities in its Form 12153, it never provided any legal or factual support disputing the underlying liabilities during the administrative proceeding and did not participate in the CDP hearing with SO Reubel. Accordingly, we do not further consider any challenges to the underlying tax liabilities.

[*11] relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(1)-(3).

Petitioner contends that the Appeals Office abused its discretion by not suspending collection action pending the outcome of the EPS proceeding before this Court.[8] Specifically, petitioner contends that respondent's collection action, determination, and motion for summary judgment were premature until the EPS proceeding was fully adjudicated. We disagree. Section 6672(a) imposes a penalty on persons, other than the employer, who are responsible for withholding taxes (trust fund taxes). Freeman v. Commissioner, T.C. Memo. 2011-38, 2011 WL 490871, at *3. "[L]iability under section 6672(a) is not derived from, or dependent upon, an employer's outstanding [trust fund] tax [withholding] obligation. Rather, the section imposes a penalty upon persons who fail to

---

[8]In its Form 12153 petitioner requested a collection alternative and contended that the proposed levy would cause undue hardship because it would be unable to pay its operating expenses. However, petitioner made no additional arguments with respect to those issues in its petition, moving papers, or other communications. Accordingly, we deem those issues abandoned. See Lunsford v. Commissioner, 117 T.C. 183, 187 (2001).

[*12] perform a specified statutory task." Bradley v. United States, 936 F.2d 707, 710 (2d Cir. 1991). The liability imposed on responsible persons pursuant to section 6672 is separate and distinct from the employer's liability for trust fund taxes. Id.; see Mason v. Commissioner, 132 T.C. at 321; Morgan v. Commissioner, 2011 WL 6762929, at *2; Freeman v. Commissioner, 2011 WL 490871, at *3. Consequently, the Commissioner is not required to attempt to collect the underlying trust fund taxes from the employer before attempting to collect the section 6672 penalty against a responsible person. See United States v. Huckabee Auto Co., 783 F.2d 1546, 1549 (11th Cir. 1986); Hornsby v. IRS, 588 F.2d 952, 954 (5th Cir. 1979); Mason v. Commissioner, 132 T.C. at 321. Petitioner's liabilities for section 6672 penalties are separate and distinct from EPS' Form 941 tax liabilities. See Freeman v. Commissioner, 2011 WL 490871, at *3. Accordingly, the Appeals Office did not abuse its discretion in sustaining collection actions against petitioner for its outstanding TFRPs for the periods in issue.

Petitioner has neither advanced any argument nor averred in its opposing affidavit any evidence that would cause us to conclude that the determination to sustain the collection action was arbitrary, capricious, or without sound basis in fact. The Appeals Office determined that the requirements of applicable law and

**[*13]** administrative procedure were met and concluded that the proposed collection actions appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the collection actions. Consequently, we hold that the Appeals Office did not abuse its discretion when it issued a notice of determination upholding the proposed collection actions.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.