**John R. DUNCAN; Joyce A. Duncan, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 94–70183.
Tax Court No. 16266–91.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1995.

Decided Oct. 12, 1995.

As Amended Dec. 15, 1995.

---

**316**

Gary R. DeFrang, Wetzel, DeFrang, & Sandor, Portland, OR, for petitioners-appellants.

Loretta C. Argrett and Alice L. Ronk, United States Department of Justice, Tax Division, Washington, DC, for respondent-appellee.

Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.

SCHROEDER, Circuit Judge:

Under 26 U.S.C. § 6672, when a person responsible for withholding and paying over employment or social security taxes willfully fails to do so, that person shall be liable to pay a "penalty equal to the total amount of the [unpaid] tax." [1] Appellant taxpayer John Duncan was, as officer and director of two corporations, a "person responsible for withholding and paying over employment" taxes of corporate employees. When he failed to do so, § 6672 liability was assessed against him and his wife. Similarly, Duncan failed to pay over withheld Oregon state taxes, and under an Oregon tax law that in some respects parallels § 6672, Duncan and his wife were held liable for those taxes. The Duncans satisfied both obligations.

The primary issue we must decide in this appeal is whether the Duncans may claim a deduction for the § 6672 penalty on their personal federal income tax return. The secondary question is whether the Duncans' payment of Oregon state withholding taxes may be similarly deducted from their personal federal income tax; the taxpayers' liability under Oregon law was not conditioned upon any "willful" failure to pay over the taxes. Finally, we are called on to decide whether, by deducting both the federal § 6672 penalty and the Oregon state withholding tax payments, the taxpayers substantially understated their 1988 income tax, making them liable for an additional 25% penalty under 26 U.S.C. § 6661.

The Tax Court disallowed all of the deductions and affirmed the § 6661 "substantial understatement" penalty. We affirm with respect to the deduction of federal withholding taxes and penalties, but reverse with respect to the deduction of the state taxes. Accordingly, the § 6661 penalty must be recalculated.

---

1. 26 U.S.C. § 6672 provides in relevant part:
   (a) **General rule.**—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

The background is not complex. Plaintiffs–Appellants John R. Duncan and Joyce A. Duncan owned all of the stock of American Business Communications, Inc., which in turn owned Cascade Telecommunications, Inc. Between the end of 1986 and the end of 1987 the corporations withheld employee state and federal taxes, but John Duncan, who was responsible for paying those taxes over to the federal government and the state of Oregon, did not do so. In 1988, both corporations ceased doing business because of insolvency. The Internal Revenue Service assessed a $267,669 penalty against the Duncans pursuant to § 6672 and threatened to impose an additional $34,965 in § 6672 liability. Taken together these figures ($267,669 and $34,965) represent the total taxes not paid over by the Duncans' corporation to the federal government. In 1988, the Duncans paid both the penalty and an amount equal to the threatened additional penalty, satisfying their entire federal obligation.

The Duncans had similar liabilities imposed on them under Oregon law. Oregon law dictates that every "employer" [2] is personally liable for all employee taxes that must be withheld and paid over to the State of Oregon. Thus the Oregon Department of Revenue determined that the Duncans, as "employers," were personally liable for their corporations' delinquent state withholding taxes in the amount of approximately $55,000. ORS 316.162(3), 316.207, 316.167. In 1988, the Duncans paid this obligation as well.

On the Duncans' 1988 federal income tax return they deducted all of these federal and state payments and penalties as "non-business bad debt" deductions. *See* § 166 of the Internal Revenue Code, 26 U.S.C. § 166. The IRS disallowed the deductions on the ground that the payments were not deductible as bad debts. The Tax Court reached the same result on policy grounds. The Tax Court held that the § 6672 penalties were not deductible, regardless of whether they might otherwise qualify as bad debts, because allowing such deductions would only encourage the wrongful refusal to pay over taxes withheld pursuant to federal law. The Tax Court relied upon *Tank Truck Rentals, Inc. v. Commissioner*, 356 U.S. 30, 35, 78 S.Ct. 507, 510, 2 L.Ed.2d 562 (1958), and a series of Tax Court decisions denying deductions of § 6672 tax penalty payments as (1) trade or business expenses, (2) losses, or (3) bad debts, under 26 U.S.C. §§ 162, 165 and 166, respectively. The Tax Court reached the same result on all of the Oregon payments, even though most of the Oregon obligation was not incurred as a penalty, on the ground that the operation of the Oregon law was functionally similar to the federal law.

■ The deductibility of § 6672 penalty payments is an issue of first impression in the federal appellate courts. It is an issue of law that we review de novo. *See Commissioner v. Heininger*, 320 U.S. 467, 475, 64 S.Ct. 249, 254, 88 L.Ed. 171 (1943). Both sides agree that the authority providing the greatest precedential guidance in our decision is *Tank Truck Rentals*.

In *Tank Truck Rentals*, the issue was the deductibility of penalty road tolls assessed against a trucking company for operating trucks above specified weight limitations. *Tank Truck Rentals*, 356 U.S. at 30, 78 S.Ct. at 507. The Court held that the payments were not deductible because those payments were levied against the truckers as a penal measure and allowing the deductions would frustrate the public policy to deter carriers who overload their trucks. The court refused to treat the fines as revenue measures, explaining that there was

no merit to petitioner's argument that the fines imposed here were not penalties at all, but merely a revenue toll. It is true that the Pennsylvania statute provides for purchase of a single-trip permit by an overweighted trucker; that its provision for forcing removal of the excess weight at the discretion of the police authorities apparently was never enforced; and that the fines were devoted by statute to road repair within the municipality or township

---

**2.** Under ORS 316.162(3) employer is defined as:

(a) A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done; or

(b) An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167, 316.182, 316.197, 316.202 and 316.207.

where the trucker was apprehended. Moreover, the Pennsylvania statute was amended in 1955, raising the maximum weight restriction to 60,000 pounds, making mandatory the removal of the excess, and graduating the amount of the fine by the number of pounds that the truck was overweight. These considerations, however, do not change the fact that the truckers were fined by the State as a penal measure when and if they were apprehended by the police.

356 U.S. at 36, 78 S.Ct. at 510.

■ Taking their cue from the functional analysis of the Supreme Court in *Tank Truck Rentals,* the taxpayers in this case argue that the § 6672 payments should be regarded as revenue measures rather than as penalties. They point to an IRS policy statement that § 6672 penalties "will be used only as a collection device" and that the withheld income and employment tax obligations would be collected only once. Policy statement P–5–60.

We find the taxpayers' argument unavailing for two principal reasons. First, the policy of collecting the taxes only once is purely a matter of administrative largesse. The IRS could, pursuant to § 6672, hold the taxpayers personally liable for obligations already satisfied by the corporations they controlled, provided there had been an original willful failure on the part of the taxpayers to meet those obligations. Second, despite the administrative largesse, § 6672 liability functionally operates as a penalty by creating an obligation, separate and distinct from the underlying tax obligation, that would not exist unless the taxpayers had been responsible for a "willful" violation of law. Section 6672 thereby discourages corporate officers from keeping withholding taxes. Thus, for the reasons stated by the Supreme Court in *Tank Truck Rentals,* public policy strongly favors denial of the deductions.

At first blush, the opinion in *United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978) would seem to support the taxpayers' position in this case, for the Supreme Court there held that § 6672 liability was a "tax" for bankruptcy purposes. That case, however, involved dischargeability under the bankruptcy laws rather than de-

ductibility under the tax laws. The Supreme Court held that the § 6672 obligations were not dischargeable under the bankruptcy laws for the same policy reasons that the Tax Court here held the payments were not deductible under the tax laws; liability incurred as a result of willful violations of the tax laws are liabilities founded upon conduct that neither the bankruptcy nor tax laws should condone.

■ The taxpayers' liability for the corporate obligation under Oregon law, however, is not the same as their liability under § 6672. Oregon law appears to make controlling employers responsible for employment taxes withheld from their employees, regardless of whether there has been any willful failure on the part of the employers to pay over the taxes. Under Oregon law, the liability of the employer taxpayer is created at the outset, and not as a penalty imposed only when the taxpayer fails to pay over corporate taxes. Section 316.167 of the Oregon Revised Statutes (1991) requires that every "employer" withhold state income taxes from wages paid to employees. "Employer," as defined by section 316.162(3)(b) of the Oregon Revised Statutes, includes "[a]n officer or employee of a corporation ... who ... is under a duty to perform the acts required of employers by" section 316.167 of the Oregon Revised Statutes. Under section 316.207(2), "[a]t any time the employer fails to remit any amount withheld, the department may enforce collection" against the employer.

■ Accordingly, the policy reasons militating against deductibility of § 6672 liability do not exist with respect to liability created by Oregon law, as Oregon law (1) disregards fault and (2) does not operate functionally as a penalty by creating an obligation separate and distinct from the underlying tax obligation. We therefore reverse the decision of the Tax Court disallowing deductions of payments made to satisfy the Oregon state tax liability, but affirm the Tax Court with respect to the deductibility of § 6672 payments. Further, because there is no substantial authority to support the deductibility of § 6672 payments, we affirm the imposition of the 25% § 6661 penalty, to the extent it was based on that deduction. To the extent the § 6661 penalty was based on deduction of the

Oregon obligation, the penalty must be reduced. On remand the Tax Court may determine (i) whether provisions of law other than those involving public policy concerns operate to deny appellants an income tax deduction for the payment to the State of Oregon in satisfaction of John Duncan's personal liability for state withholding taxes, and (ii) if those other provisions of law preclude an income tax deduction, whether the appellants' position was sufficiently meritorious to avoid the penalty under Code Section 6661.

Costs are awarded to the government. AFFIRMED IN PART; REVERSED AND REMANDED IN PART.