T.C. Memo. 2013-190

UNITED STATES TAX COURT

TERRIE ANN HELLMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29272-11L, 30004-11L.          Filed August 21, 2013.

Terrie Ann Hellman, pro se.

<u>Diane L. Worland</u> and <u>Timothy A. Lohrstorfer</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  These consolidated cases are before the Court on respon-

dent's respective motions for summary judgment (respondent's motions).[1]  The

Court will grant respondent's motions.

---

[1]In these cases, petitioner filed respective responses to respondent's motions
(petitioner's responses), and respondent filed respective replies to petitioner's
responses.

[*2]                                   Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Nevada at the time she filed the petitions in these cases.

On July 28, 2006, petitioner incorporated Specialty Staff, Inc. (Specialty Staff), under the laws of the State of Delaware. From the time petitioner incorporated Specialty Staff until at least April 10, 2013, she was its sole shareholder, president, chief executive officer, and director.

On July 28, 2006, the same date on which petitioner incorporated Specialty Staff, she opened a checking account (Specialty Staff checking account) in Specialty Staff's name. From the time petitioner opened the Specialty Staff checking account until at least April 10, 2013, she had sole signatory authority over that account.

During 2008 and 2009, petitioner received checks from Specialty Staff's clients, deposited them into the Specialty Staff checking account, and issued checks and initiated wire transfers to pay Specialty Staff's operating expenses.

During each of the quarters ended December 31, 2008, and June 30, September 30, and December 31, 2009, petitioner caused Specialty Staff to withhold Federal employment taxes (taxes) from the wages of its employees.

**[*3]** Petitioner failed to remit those taxes to the Internal Revenue Service (IRS) and instead knowingly used them to pay Specialty Staff's operating expenses.

On or around October 7, 2009, petitioner filed Form 941, Employer's Quarterly Federal Tax Return (Form 941), for Specialty Staff for each of the quarters ended December 31, 2008, June 30, 2009, and September 30, 2009. In those forms, petitioner showed employment tax "Balance[s] due" of $117,266.50, $66,120.29, and $133,064.66,[2] respectively. Petitioner did not remit any employment tax payments with those Forms 941.

On or around January 21, 2010, petitioner filed Form 941 for Specialty Staff for the quarter ended December 31, 2009. In that Form 941, petitioner claimed an employment tax "Overpayment" of $715.84.[3]

---

[2]Respondent determined that Specialty Staff had a balance due of employment tax for the quarter ended September 30, 2009, of $99,003.18, not $133,064.66.

[3]Respondent determined that Specialty Staff did not overpay its employment tax for the quarter ended December 31, 2009, and that it had a balance due of employment tax of $148,445.79 for that quarter. (The Court will sometimes refer collectively to the respective employment tax "Balance[s] due" that petitioner showed in the Forms 941 that she filed for Specialty Staff for the quarters ended December 31, 2008, and June 30, 2009, and the respective balances due of employment tax that respondent determined Specialty Staff had for the quarters ended September 30, 2009, and December 31, 2009, as Specialty Staff's unpaid tax liabilities.)

**[\*4]** On April 19, 2010, respondent sent Letter 1153, Trust Funds Recovery Penalty Letter (Letter 1153), to petitioner by certified mail.  In that letter, respondent proposed to assess against petitioner the following penalties under section 6672[4] with respect to Specialty Staff's unpaid tax liabilities:

| Quarter Ended | Penalty under Sec. 6672 |
|---|---|
| 12/31/2008 | $83,570.12 |
| 6/30/2009 | 44,894.97 |
| 9/30/2009 | 69,134.96 |
| 12/31/2009 | 102,798.41 |

The U.S. Postal Service (USPS) made multiple attempts to deliver Letter 1153 to petitioner but was unable to do so.  On May 5, 2010, the USPS returned that letter to respondent with the envelope marked "RETURN TO SENDER--UNCLAIMED--UNABLE TO FORWARD".

On July 26, 2010, respondent assessed against petitioner the amounts of the penalty under section 6672 with respect to Specialty Staff's unpaid tax liabilities that respondent had proposed in Letter 1153.[5]

---

[4]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[5]The Court shall refer collectively to any unpaid amounts of the penalty under sec. 6672 with respect to Specialty Staff's unpaid tax liabilities that

(continued...)

[*5]  On February 7, 2011, respondent issued to petitioner a notice of levy on your State tax refund--notice of your right to a hearing (notice of levy) regarding petitioner's unpaid section 6672 liability with respect to Specialty Staff's unpaid tax liability for the quarter ended December 31, 2009.

On February 22, 2011, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid section 6672 liability.

Petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (Form 12153), with respect to the notice of levy (levy Form 12153) and a separate Form 12153 with respect to the notice of tax lien (lien Form 12153).  In the levy Form 12153, petitioner, inter alia, requested a hearing with respondent's Appeals Office (Appeals Office) with respect to the notice of levy.  In that form, petitioner indicated that she disagreed with the levy on her State income tax refund because:

> Based on over almost 18 months of attempting to get the IRS to understand the error made based on the Revenue Offocer [sic] not being truthful in information provided, the IRS has assessed the TRP [trust fund recovery penalty] on myself personally.  My 2009 IRS tax

---

5(...continued)
respondent assessed against petitioner, as well as interest as provided by law, as petitioner's unpaid section 6672 liability.

[*6] refund and now my state refund have illegally been levied.  May I please request someone review this quickly!!!!

In the lien Form 12153, petitioner, inter alia, requested a hearing with the Appeals Office with respect to the notice of tax lien.  In that form, petitioner indicated that she disagreed with the filing of the tax lien because:

> This assessment on myself personally is related to actions taken by the RO [revenue officer] in a business matter, we have submitted to the US Tax Court and are expecting a favorable decision as in Jan 2011 the Tax Court found in favor of the business that an RO refusing subordination caused extensive damage to the corporation and pro-hibited repayment of taxes.

In the lien Form 12153, petitioner also requested withdrawal of the filed tax lien on the following ground:  "Because this is a TRP [trust fund recovery penalty], related to a business employment tax situation, our business IRS matter is now in the US TAX Court awaiting a decision as we were denied subordination which caused detremential [sic] damage".

On June 8, 2011, respondent's settlement officer who was assigned to petitioner's levy Form 12153 and petitioner's lien Form 12153 (settlement officer) sent two separate letters to petitioner, one with respect to each of those forms.  In those respective letters, inter alia, the settlement officer acknowledged receipt of petitioner's levy Form 12153 and petitioner's lien Form 12153 and scheduled a

**[*7]** telephonic Appeals Office hearing (petitioner's hearing) with petitioner with respect to the notice of levy and the notice of tax lien at 10 a.m. on July 26, 2011.

On July 13, 2011, petitioner and the settlement officer had a telephone conversation regarding petitioner's hearing. During that telephone call, petitioner, inter alia, advised the settlement officer that she had not received the Letter 1153 because she had been out of town on business.

On July 20, 2011, the settlement officer made the following entry in his "Case Activity Records":

> Very large package from tp, she has 4 petitions in tax court. The one that is connected with my CDP [collection due process] TFRP [trust fund recovery penalty] is 5217-11-L, court document states the taxpayer relocated its business and the documents were mailed to her previous addrs. The documents state MOTION TO DISMISS FOR LACK OF JURISDICTION. The taxpayer states she has not had an opportunity to dispute this TFRP, however did rec'd other periods but not for 200912. Records show the notice 1153 was issued to the addrs 3 times and tp states she was out of town on business.

> Per my review of the case file, and because tp has not had a opportunity to dispute the TFRP, case will be sent to the field.

On July 20, 2011, the settlement officer transferred petitioner's levy Form 12153 and petitioner's lien Form 12153 to the Appeals Office in Indianapolis, Indiana.

**[*8]** On September 13, 2011, respondent's settlement officer with the Appeals Office in Indianapolis, Indiana, who was assigned to petitioner's levy Form 12153 and petitioner's lien Form 12153 (Indianapolis settlement officer) sent a letter to petitioner. In that letter, inter alia, the Indianapolis settlement officer scheduled for October 11, 2011, a telephonic Appeals Office hearing with petitioner with respect to the notice of levy and the notice of tax lien and requested that petitioner submit before the date of that scheduled hearing (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (2) a signed Federal income tax return for petitioner's taxable year 2010.

On September 19, 2011, the Indianapolis settlement officer made the following entry in his "Case Activity Records": "Rec'd L3855 TP moved, left no forwarding address, UDEL. I checked IDRIS and Accurint, no new address info found. I called the cell # TP listed on 12153, ID'd VMS as Terrie only. LMCB explaining hearing letter returned, no forwarding address and I am trying to schedule the hearing she requested."

On September 19, 2011, petitioner telephoned the Indianapolis settlement officer, provided him with an updated mailing address, and requested a face-to-

**[*9]** face Appeals Office hearing with respect to the notice of levy and the notice of tax lien.

Also on September 19, 2011, the Indianapolis settlement officer sent a letter (September 19, 2011 letter) to petitioner at the address that she had provided to him during the telephone call that she had made to him earlier that day. That letter stated in pertinent part:

> This letter is to follow up our phone conversation this afternoon concerning the hearings you requested, my scheduling those hearings by letter dated September 13, 2011, and that letter being returned undeliverable to me by the U.S. Postal Service. In that letter I had set a telephone hearing for October 11, 2011 at 2:00 pm eastern time. During our conversation today I agreed to re-schedule the hearing to a face-to-face hearing in our offices located at the address shown above on **October 18, 2011 at 2:00 pm**. Please see the enclosed original letter setting the hearing. I am still requesting the following items within 14 days of the date of this letter:
>
> • A completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals
>
> • Signed Tax return(s) for the following tax periods. Our records indicate they have not been filed:
> Type of Tax: <u>Income Tax</u>
> Period or Periods: <u>12/2010</u>
>
> I cannot consider collection alternatives at your conference **without this information**.
>
> Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed above.

**[\*10]**  On October 4, 2011, petitioner sent by facsimile (fax) a letter (October 4, 2011 letter) to the Indianapolis settlement officer in response to his September 19, 2011 letter.  That letter stated in pertinent part:

> Pursuant to the receipt of your letter dated September 19, 2011 and the inclusion in that letter of a copy of your letter September 13, 2011, please allow this correspondence to serve as confirmation of receipt.
>
> Within the context of your September 13, 2011 letter you have requested I provide a completed form 433-A and provide a signed tax return for periods 12/20/11.  I would like to point out that actually an extension was filed on behalf of both myself and the Specialty Staff Inc. Corporation.  This extension was to provide additional time due to the "extreme financial duress" both I and the Specialty Staff Inc. Corporation were experiencing as a result of the IRS collection activities.
>
> The magnitude of this inflicted duress ultimately resulted in the corporation ceasing operations and myself personally suffering financially to the point of being evicted from my home.
>
> As a result Specialty Staff Inc. has NOT been able to close out its books due to lack of access to required documentation.  Simultaneously, to file my personal return, I must have filed the Specialty Staff Inc. return.  The IRS collection activity has caused a lack of funding for the business, in conjunction with an already depressed economic situation, I have not had the financial resources to pay the past due rent and damages to gain control of the documentation required to file either Corporate or personal taxes.
>
> As soon as I am able to recover my personal belongings as a result of losing everything because of IRS collection activities, I will immediately work to afford an accountant that can prepare both returns.

[*11]  I understand from your September 13, 2011 letter my lack of having filed both Corporate and Personal returns will not allow you to consider collection alternatives.  I have heard the same message for the past 24 months from the IRS as it related to payroll taxes, the lack of making payroll deposits prohibits us from considering subordination.  Yet, in the economy we have survived in the past three years, with bank financing almost null and void, if the IRS wanted to collect the back taxes, allowing us a subordination would have gone a long way to ensuring that was able to be handled.  No subordination, no cash, no business, no tax returns because no income to pay for them to be prepared.

With all due respect, I would have been timely with both filings had not both myself and Specialty Staff Inc. suffered such damage as a result of our taxpayer rights being violated.

On a different subject matter, I noticed the date of your letter is September 13, 2011; I shared during our September 18, 2011 telephone conversation that I had filed within the system of the US Tax Court a petition relating to the tax periods included in this upcoming hearing.  That the US Tax Court judge had ruled on August 18, 2011 to dismiss this particular petition on the ground of "Lack of Jurisdiction", but that according to the US tax Court Clerk I had a 60 day window in which to file a Motion for Reconsideration.

That shared, the September 13, 2011 letter was actually within that window of response time.  I did clarify with the US Tax Court this past week, and the information I was provided was incorrect, it was a 30 day window, which would have expired September 18, 2011.  I was informed within the US Tax Court rules that all collection activity was "suspended" while petitions were within the US Tax Court domain.  As a result of being informed that the 60 day window was incorrect, I will be submitting a Motion for Leave-Out of Time to file a Motion to Vacate with the US Tax Court on this tax period which falls under the US Tax Court Petition Docket Number 5217-11-L.

[*12] The Motion for Leave to file a Motion to Vacate will be at the US Tax Court by Thursday October 6, 2011. I have also sent them notification of the address change. Having been essentially "homeless" for over 4 months, I have just now been able to secure some housing and an address.

In conclusion * * * it is my understanding that all collection activity is suspended until the US Tax Court's ruling on the Motion for Leave to File Out of Time Motion to Vacate Decision. I have included a copy of the two Motions for your records, and will verify with the US Tax Court in the AM as to if collection activity suspended until Motion for Leave to File Out of Time Motion to Vacate Decision determined.

On October 16, 2011, petitioner supplemented her October 4, 2011 letter by sending by fax another letter (October 16, 2011 letter) to the Indianapolis settlement officer. That letter stated in pertinent part:

Pursuant to the submission of the Motion for Leave to File Out of Time and Motion to Vacate on October 5, 2011 in the US Tax Court, I have not been advised as of this writing as to this Motions posting and/or status. Therefore, as you and I have a scheduled Appeals hearing on tax periods that fall within the above referenced motions, we will need to cancel/postpone our Tuesday October 18, 2011 Appeals Hearing.

I am checking again with the US Tax Court on Monday AM October 16, 2011, to assess if the Motion has been determined, otherwise until the Motion has been determined, it is my understanding we are not to proceed with the TRP Appeals hearing.

I am best reached on my cell * * *. Otherwise upon final determination either with a Settlement reached between myself and the IRS prior to the March 5, 2011 Trial Date, or the outcome of the trial and

[*13] any Appeals, we can then proceed with any outstanding matters remaining with the Internal Revenue Service.

On October 17, 2011, the Indianapolis settlement officer telephoned petitioner in response to her October 16, 2011 letter. On the same date, petitioner sent by fax another letter (October 17, 2011 letter) to the Indianapolis settlement officer. That letter stated in pertinent part:

> Pursuant to our brief telephone conversation today, regarding the previously scheduled October 18, 2011 Appeals Hearing for me as it relates to the TFRP the IRS is attempting to assess, please allow this correspondence to serve as confirmation of what we discussed.
>
> Your call to me was based on the fax you received from me dated October 16, 2011 within which I shared the recent status of events. This "sharing" included copies of the US Tax Court Trial dates that have been set for March 5, 2012.
>
> During our telephone conversation you kindly explained again that the "Personal Trust Fund Recovery Penalty was not associated with the pending cases within the US Tax Court proceedings. I shared I understood that component, but that due to what is contended by us the provision of information provided to the Specialty Staff Inc. Corporation in August 2010, was believed by us to be accurate and true. The enclosures that accompanied the form the IRS sent by Certified Mail resulted in the Corporation making decisions again based on what we believed to be accurate and truth information. It was identified in a set of letters received from the IRS on February 1, 2011 and again admitted within US Tax Court documents submitted by the IRS counsel to the US Tax Court that in fact the IRS had erroneously sent the Specialty Staff Inc. Corporation the incorrect form back in August 2010.

**[*14]**  As you and I agreed, a Corporation and/or an individual make the best decisions based on the information available at that time.  Had Specialty Staff Inc. been provided the correct form by the IRS in August 2010, I can assure you a different set of decisions would have been made, but as a result, the IRS error forced the loss of a "revenue producing entity" and placed the financial burden on to me personally.

You touched on even if I filed bankruptcy this TFRP would not go away, and I was aware of this fact two years ago.  I thought I could comment on that quickly though, as you see * * * I have no intentions of placing either Specialty Staff Inc. or myself into bankruptcy, which is exactly why I filed the four petitions inside the US Tax Court.

I honestly appreciate your listening and understanding the additional duress placed upon myself as it relates to the "snowball of events" due to erroneous forms being sent.  I am not able to access the documentation I need to allow for the filing of Specialty Staff Inc.'s 2010 Corporate taxes, though an extension filed for both myself and the Corporation, in order to get you the personal tax returns you seek, means I have to be able to as well access the Specialty Staff Inc. documentation so as to get the Corporate taxes filed first.  Because of the financial devastation upon myself, my family, some employees of Specialty Staff Inc. and some vendors have had to handle from this nightmare, those documents are not in my possession at this point. They are with my personal belongings which are being held until such time as I can come up with enough funds to pay from the eviction of my home.

The conclusion of our call was that you will be sending me a "final chance" letter and I will attempt to see if there is any way I can have additional information for you, so that the IRS can be assured I receive a fair and accurate hearing on this TFRP.

**[*15]** On October 18, 2011, the Indianapolis settlement officer sent a letter to

petitioner in response to her October 17, 2011 letter. That letter stated in pertinent

part:

> We first spoke on September 19, 2011 and scheduled a face-to-face
> Collection Due Process hearing for today, October 18, 2011 at 2:00
> pm. I sent you a letter the same day confirming the hearing we had
> scheduled. The conference letter also asked that you send me the
> information I needed to consider the issues you raised in your request
> for a hearing.
>
> • I never received the information from you.
>
> On Sunday, October 16, 2011, you sent a fax to me stating that, due
> to pending litigation concerning the corporation that gave rise to your
> personal liabilities in this case, your understanding is that we are not
> to proceed with the Appeals hearing. I had informed you on September 19th that litigation involving the corporation did not affect this
> Appeals case concerning your personal liabilities.
>
> I called you on October 17th and explained again that any pending
> litigation involving the corporation that gave rise to these personal
> liabilities has no bearing on this Appeals case. I also explained your
> right to either proceed with the requested hearing or withdraw your
> request. You did not choose to withdraw your hearing request and
> you did not call today for the hearing.
>
> Today I received a fax from you dated October 17, 2011 intending to
> confirm what we discussed over the phone on October 17th, a copy of
> which is attached. In the first paragraph you refer to the "Appeals
> hearing for me as it relates to the TFRP the IRS is attempting to
> assess". I never indicated that the hearing you requested was in
> regard to anything the IRS is attempting to assess against you. To
> clarify, for the tax periods included in this CDP case as stated above,

[*16] the IRS has made the following assessments of the Trust fund Recovery Penalties (TFRP):

| Tax Period | Assessment Date | Penalty Amount | Balance Due |
|---|---|---|---|
| 12/31/2008 | 7/26/2010 | $83,570.12 | $81,747.20 |
| 06/30/2009 | 7/26/2010 | 44,894.47 | 47,019.86 |
| 09/30/2009 | 7/26/2010 | 69,134.96 | 72,407.12 |
| 12/31/2009 | 7/26/2010 | 102,798.41 | 107,110.58 |

On February 7, 2011, the IRS issued CP92, Notice of Levy on Your State Tax Refund, Notice of Your Right to a Hearing concerning only the tax period ending 12/31/2009. This notice included Form 12153, Request for a Collection Due Process Hearing. You completed Form 12153 to request a hearing concerning the levy, signed it on February 17, 2011 at it was received by IRS on February 28 2011.

On February 22, 2011 the IRS sent you Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing notifying you that it was filing a Notice of Federal Tax Lien (NFTL) regarding the following periods: 12/31/2008, 6/30/2009, 9/30/2009, and 12/31/2009. Letter 3172 also included Form 12153, Request for a Collection Due Process Hearing. You completed Form 12153, signed it on 3/2/11 and it was received by IRS on 3/11/11.

Therefore, the hearings you requested are relative to the filed Notice of Federal Tax Lien (NFTL) for all periods shown above, and levy action concerning the 12/31/2009 tax period only. My comments during our phone conversation yesterday were only meant to clarify the following fact: pending litigation of the company that failed to pay the taxes resulting in these TFRP assessments has no bearing on Appeals' consideration of your hearing request concerning the NFTL filing and levy action.

**[*17]** In the fax I received from you today you also state that during yester-day's conversation I "touched on even if I filed bankruptcy this TFRP would not go away and I was aware of this fact two years ago." This is not at all what I stated on the phone on October 17th. In fact, what I stated was that even if the **company** filed bankruptcy it would not affect the IRS trying to collect these TFRP assessments from you. Likewise, a company bankruptcy would have no affect on the hearing process which **you requested** in Appeals. It seems that a large part of your confusion in these matters is the legal separation between you and the company and the fact that the company owes employment taxes for the periods shown above while you owe penalty assessments based on the amount of taxes the company failed to pay for these periods.

Please be advised that we will make a determination in the Collection Due Process hearing you requested by reviewing the Collection administrative file and whatever information you have already provided.

If you would like to provide information for our consideration, please do so within 14 days from the date on this letter.

We will promptly issue you a determination and/or decision letter with our findings.

I look forward to hearing from you. If you have questions, please call me at the telephone number shown above.

On November 22, 2011, respondent issued to petitioner separate notices of determination concerning collection action(s) under section 6320 and/or 6330 (notices of determination), one with respect to each of the notice of levy and the notice of tax lien. The notice of determination with respect to the notice of levy (levy notice of determination) stated in pertinent part:

**[*18] <u>Summary of Determination</u>**
The IRS followed all legal and procedural requirements in issuing the Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing, and Appeals has determined that the action was appropriate.

The levy notice of determination included an attachment (levy notice of determination attachment) that stated in pertinent part:

### SUMMARY AND RECOMMENDATION

The IRS followed all legal and procedural requirements in issuing the L1058 and Appeals has determined that the action was appropriate.

### BRIEF BACKGROUND

The settlement officer sent you a letter dated September 13, 2011 which scheduled the telephone hearing for October 11, 2011 and requested Form 433-A, Collection Information Statement for Wage Earners and Self-employed Individuals. The letter also requested a copy of Form 1040 for tax year 2010 because IRS records indicated that this return had not been filed. The information was due by September 27, 2011.

On September 19th the settlement officer received the September 13th letter returned as undeliverable because you had moved and left no forwarding address. He called your cell phone number, obtained your new address, confirmed that you wished to have a face-to-face hearing, and agreed to hold the hearing on October 18, 2011. He then sent the original letter with a cover letter documenting this new hearing date and requesting the necessary financial information and tax return copy by October 3, 2011. Unfortunately, you failed to provide the required information.

**[\*19]**                    **DISCUSSION AND ANALYSIS**

**Verification of legal and procedural requirements**
Based on the facts presented in the administrative file, the settlement officer has verified that all requirements of various applicable law and administrative procedures have been met.

- With the best information available, the requirements of various applicable laws have been met.
- The assessment was made on the applicable Collection Due Process notice periods per IRC section 6201.
- IRC section 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.
- IRC section 6303 requires notice and demand be given within 60 days, after making assessment of a tax. Notice can be sent by mail to the taxpayer's last known address. Transcripts show this notice was sent to you via regular mail for this period.
- There was a balance due when the Collection Due Process notice was issued per IRC sections 6322 and 6331(a).
- IRC section 6331(d) requires that the Service notify a taxpayer at least 30 days before a Notice of Levy can be issued.
- IRC section 6330(a) provides that no levy may be made unless the Service notifies a taxpayer of the opportunity for a hearing with Appeals. A FINAL NOTICE-NOTICE OF INTENT TO LEVY AND YOUR RIGHT TO A HEARING was sent to you by certified mail on 02/07/2011. Transcripts show that this notice was mailed to you.
- The statute for collection has been suspended since 02/28/2011, while this appeal has been pending.
- You were given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing in accordance with IRC section 6330(c).
- The Settlement Officer assigned to hear your case has had no prior involvement with respect to this liability either in a previous Appeals hearing or in compliance activities.

[*20] • The Collection Division followed all legal and procedural requirements and the action taken or proposed actions were appropriate under the circumstances.

**Issues raised by the taxpayer**
In your hearing request you state that you do not agree with the issuance of the L1058 and the planned enforcement action because your business's tax matter is in the U.S. Tax Court. In response to your hearing request the settlement officer spoke with you on September 19, 2011 and scheduled a face-to-face hearing for you on October 18, 2011. He also explained during this call that the pending court cases in which your business is involved have no bearing on the fact that IRS had issued the L1058 in anticipation of taking enforcement action concerning the Trust Fund Recovery Penalty (TFRP) you owe personally.

On October 16, 2011, you sent a facsimile communication to the settlement officer which he received on October 17th. The communication stated that the motion you filed in Tax Court concerning you business's suit against IRS has not been determined. It is your understanding you were not to proceed with the Appeals hearing. You stated that you wanted to cancel/postpone the hearing. Despite the explanation documented above, you still wished to maintain that the pending Tax Court case for your company has some impact on this CDP cases concerning your individual TFRP assessments.

The settlement officer contacted you on October 17th and advised you once again that any pending litigation involving your business has no impact on this CDP hearing or the intent of the IRS Collection Division to proceed with enforcement action to collect this TFRP assessment. He explained your right to withdraw your hearing request if you did not wish to proceed with the hearing. He also advised you that if you chose to withdraw your hearing request you could only qualify to request an Equivalent Hearing within one year of the date of the L1058.

[*21] The settlement office[r] also advised you that he had not received the necessary financial information or a copy of Form 1040 for 2010. However, he agreed to extend an additional two weeks to November 1, 2011 for you to provide any information you wanted him to consider, along with the requested financial information and tax return so that he could consider collection alternatives. No further information or communication has been received from you as of the date of this Notice of Determination.

You stated that you dispute the liability, but you provided no information in support of this dispute. No other issues were raised.

**Balancing the need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary**

IRC § 6330 requires that the appeals employee consider whether any collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Due to your failure to pay the liability, the action taken by the IRS was appropriate. In that the liability was appropriately assessed and is due and owing and you have made no arrangements to repay, the contemplated enforcement action balances the need for efficient collection with your concern over the intrusiveness of the action.

The notice of determination with respect to the notice of tax lien (tax lien notice of determination) stated in pertinent part:

**Summary of Determination**
The IRS followed all legal and procedural requirements in filing the Notice of Federal Tax Lien and issuing the L3172, and Appeals has determined that the action was appropriate.

The tax lien notice of determination included an attachment (tax lien notice of determination attachment) that was essentially the same as the levy notice of

**[*22]** determination attachment except that the tax lien notice of determination attachment stated as follows with respect to the notice of tax lien:

> **Balancing the need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary**
>
> IRC § 6330 requires that the appeals employee consider whether any collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Due to your failure to pay the liability, the action taken by the IRS was appropriate. In that the liability was appropriately assessed and is due and owing and you have made no arrangements to repay, the filing of the NFTL balances the need for efficient collection with your concern over the intrusiveness of the action.

On February 19, 2013, the Court issued an Order granting respondent's motion in the case at docket No. 29272-11L to remand that case to the Appeals Office.

On April 2, 2013, the Indianapolis settlement officer held a supplemental Appeals Office hearing with petitioner with respect to the notice of levy.

On April 18, 2013, respondent issued to petitioner a supplemental notice of determination concerning collection action(s) under section 6320 and/or 6330

**[*23]** (supplemental notice of determination)[6] with respect to the notice of levy.

That notice stated in pertinent part:

> **Summary of Determination**
> The IRS followed all legal and procedural requirements in issuing the Letter CP92, Notice of Levy on Your State Tax Refund - Notice of Your Right to a Hearing, and Appeals has determined that the action was appropriate. You do not qualify for, and did not propose, a collection alternative such as an Installment Agreement or Offer in Compromise due to your failure to comply with the return filing requirements.

The supplemental notice of determination included an attachment that stated in

pertinent part:

> **Summary and Recommendation**
> The IRS followed all legal and procedural requirements in issuing Letter CP92, Notice of Levy on Your State Tax Refund - Notice of Your Right to a Hearing, and Appeals has determined that the action was appropriate. You do not qualify for, and did not propose, a collection alternative such as an Installment Agreement or Offer in Compromise due to your failure to comply with the return filing requirements.
>
> **Brief Background**
> On February 19, 2013 the U.S. Tax Court remanded this case to IRS Office of Appeals and it was reassigned to the settlement officer who had recommended issuance of the original Notice of Determination. The order remanding the case was based on the Motion to Remand with the purpose of verifying that the subject of the collection due

---

[6]The Court will sometimes refer collectively to the levy notice of determination, as supplemented by the supplemental notice of determination, and the tax lien notice of determination as the notices of determination as supplemented.

**[\*24]** process action in the Notice of Determination was a Letter CP92, Notice of Levy on Your State Tax Refund - Notice of Your Right to a Hearing, and that all requirements for a state income tax refund levy offset and Letter CP92 were met. You were also to be afforded an opportunity to submit a collection alternative, if you qualified.

The settlement officer was advised that you had requested that the supplemental hearing be held as soon as possible. Therefore, on March 7, 2013 the settlement officer sent a letter to you at the address you provided IRS Area Counsel Attorney Diane Worland scheduling the supplemental CDP hearing for March 28, 2013. The letter also required that Form 1040 for 2011 and Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, be provided by March 21, 2013.

The settlement officer's letter was returned undeliverable on March 19, 2013, and on this date the settlement officer called your cell phone to obtain a good address and confirm the hearing. You advised that you did not have an address, but thought the March 28, 2013 date would work. You stated you would make sure the date and time would work and would call the settlement officer back to confirm.

By March 27th you had not called the settlement officer to confirm the hearing on the 28th, so the settlement officer called you. You advised that you thought you had called and left a message confirming the hearing date and time, but the settlement officer explained he had never received such a message. You advised that you would be at the face-to-face hearing on March 28, 2013 at 1:00 pm.

On March 28th you called the settlement officer in the morning and left a message requesting to reschedule the hearing. You indicated that you had Form 433-A prepared, but you had not been able to prepare the delinquent tax return for 2011 because you needed to file your personal return for 2010 and your business return for 2010

[*25] before you could file your personal return for 2011.  You requested 1-2 additional weeks to file the returns.

The settlement officer called you back to discuss your request.  After clearly explaining the purpose of the remand by the Tax Court based on the Motion to Remand, and that our office could consider collection alternatives if you qualified by being in filing compliance and providing all required financial information, the settlement officer agreed to reschedule the hearing to April 2, 2013 at 10:00 am.  You agreed and stated you would appear for the hearing and would fax the Form 433-A.  The Form 433-A was not faxed, but you provided it during hearing on April 2, 2013.

**Legal and Procedural Requirements**
Based on the facts presented in the administrative file, the settlement officer has verified that all the requirements of various applicable law and administrative procedures have been met.

- With the best information available, the requirements of various applicable law or administrative procedures have been met.
- The assessment was made on the applicable Collection Due Process notice periods per IRC section 6201.
- IRC section 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.
- IRC section 6303 requires notice and demand to be given within 60 days, after making assessment of a tax.  Notice can be sent by mail to the taxpayer's last known address.  Transcripts show this notice was sent to you via regular mail for this period.
- There was a balance due when the Collection Due Process notice was issued per IRC sections 6322 and 6331(a).
- IRC section 6331(d) requires that the Service notify a taxpayer at least 30 days before a Notice of Levy can be issued.
- IRC section 6330(a) provides that no levy may be made unless the Service notifies a taxpayer of the right to a hearing with Appeals before such levy is made.

- IRC section 6330(f)(2) provides an exception to the notice requirements when the Secretary has served a levy on a State to collect a Federal tax liability from a State tax refund. This section also provides that a taxpayer shall be given the opportunity for the hearing within a reasonable period of time after the levy.

- Treas. Reg. 301.6330-1(2)(i) explains that IRC 6330(f) does not require the Commissioner to provide notification of a taxpayer's right to a CDP hearing prior to issuing a levy to collect state tax refunds. However, the Commissioner prescribed procedures to give a taxpayer notice of the right to, and the opportunity for, a CDP hearing with Appeals with respect to a levy on a state tax refund within a reasonable time after the levy has occurred. The notification required to be given following a levy on a state tax refund is referred to a s a post-levy CDP Notice.

- The statute for collection has been suspended since 02/07/2011, while this appeal has been pending.

- You were given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing in accordance with IRC section 6330(c).

- The Settlement Officer assigned to hear your case has had no prior involvement with respect to this liability either in a previous Appeals hearing or in compliance activities, except for the original CDP hearing determination and the Notice of Determination issuance.

- The Collection Division followed all legal and procedural requirements and the actions taken were appropriate under the circumstances.

**Issues relating to the unpaid liability**

The U.S. Tax Court remanded this case to IRS Office of Appeals so that we could explain that the subject of the collection due process action in the original Notice of Determination is a Letter CP92, Notice of Levy on Your State Tax Refund - Notice of Your Right to a Hearing (CP92), rather than Letter 1058, Notice of Intent to Levy and Notice of Your right to a Hearing (L1058). Based on your CDP

[*27]  hearing request, you were aware at the time of the request that your 2009 state income tax refund had been levied by the IRS.

The supplemental hearing was held face-to-face in the Indianapolis Office of Appeals on April 2, 2013.  During the hearing the settlement officer explained the court's specific and limited reason for remanding the case for this supplemental hearing.  He also explained that the original Notice of Determination erroneously referred to Letter 1058 (L1058) rather than Letter CP92.

During the supplemental hearing, the settlement officer advised that he had verified that IRS followed the legal and procedural requirements for the state income tax levy program, and that he had verified these requirements again today.  He explained the specific requirements and the basis in law and provided you with the applicable legal citations for reference.  He also advised you of the chronology of events, notices and requirements concerning the status of this liability and informed you that the CP92 was issued on February 2, 2011, after the levy, and that CP92 explained your post-levy appeal rights.

In response, you asked if all notices, and in particular CP92, had been sent certified.  The settlement officer advised that certified mailing is only required for the CP92 and he provided a copy of the Letter CP92 that you had provided with your original hearing request.  The certified mail parcel number was imprinted at the top verifying that it had been sent certified to you.  The settlement officer restated that he had verified that all legal and procedural requirements had been met, and you concurred stating you had no further questions.

The settlement officer asked for a completed Form 433-A and your 2010 and 2011 income tax returns.  You provided Form 433-A, but advised that you are still unable to file the delinquent returns.  You stated you understood that your lack of compliance with the filing requirements prevented the Office of Appeals from considering

[*28] collection alternatives. The settlement officer asked for your current address and you stated you did not have an address but would try to provide one for the required issuance of this Supplemental Notice of Determination. You agreed that you would contact the settlement officer on or before Thursday, April 11, 2013 if you were able to obtain a new address which the settlement officer should use. The settlement officer received no further communication from you in any form as of April 17, 2013.

You did not raise the underlying liability in this supplemental CDP hearing. No other issues were raised.

**Balancing efficient tax collection with concern regarding intrusiveness**
IRC § 6330 requires that the appeals employee consider whether any collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. Due to your failure to pay the liability, the action taken by the IRS was appropriate. In that the assessed liabilities were due and owing, and you had made no arrangements to pay, the state tax refund levy balanced the need for efficient collection with your concern over the intrusiveness of the action.

Discussion

In the case at docket No. 29272-11L, petitioner is challenging respondent's determination in the levy notice of determination, as supplemented by the supplemental notice of determination, to sustain the levy on petitioner's State income tax refund in partial satisfaction of the penalty under section 6672 that respondent assessed against her with respect to Specialty Staff's unpaid tax liability for the quarter ended December 31, 2009. In the case at docket No. 30004-11L,

**[*29]** petitioner is challenging respondent's determination in the tax lien notice of determination to sustain the filing of a notice of tax lien regarding the respective penalties under section 6672 that respondent assessed against her with respect to Specialty Staff's unpaid tax liabilities for the quarters ended December 31, 2008, and June 30, September 30, and December 31, 2009. Because the cases at docket Nos. 29272-11L and 30004-11L involve disputes over collection actions that respondent took with respect to a common liability, i.e., the penalty under section 6672 that respondent assessed against petitioner with respect to Specialty Staff's unpaid tax liability for the quarter ended December 31, 2009, and involve common questions of law and fact, the Court consolidated those cases for purposes of opinion with respect to respondent's motions.

The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The Court concludes that there is no genuine dispute as to any material fact regarding the questions raised in respondent's motions.

Respondent asserts, and petitioner agrees, that the Court should review petitioner's liability for petitioner's unpaid section 6672 liability de novo and should review the determinations that respondent made in the notices of

[*30] determination with respect to petitioner's unpaid section 6672 liability for abuse of discretion.

The Court turns first to petitioner's liability for petitioner's unpaid section 6672 liability. An employer is required to withhold from an employee's wages and then pay over to the IRS Federal income tax, see secs. 3402(a)(1), 3403, and the employee's share of Social Security tax, see secs. 3101(a), 3201(a), and Medicare tax, see secs. 3101(b)(1), 3201(a). Federal taxes that an employer withholds from an employee's wages are "held to be a special fund in trust for the United States." Sec. 7501(a). Consequently, they are known as "trust fund taxes". See Pollock v. Commissioner, 132 T.C. 21, 25 n.10 (2009).

One of the means of ensuring that trust fund taxes are collected and paid over to the Government is section 6672. See Purcell v. United States, 1 F.3d 932, 936 (9th Cir. 1993). That section provides in pertinent part: "Any person required to collect, truthfully account for, and pay over any tax * * * who willfully fails to collect such tax, or truthfully account for and pay over such tax * * * shall * * * be liable to a penalty equal to the total amount of the tax * * * not collected, or not accounted for and paid over." Sec. 6672(a).

Liability for the penalty under section 6672 may be imposed upon any "responsible person" who "acted willfully in failing to collect or pay over * * *

[*31] withheld taxes." Davis v. United States, 961 F.2d 867, 869-870 (9th Cir. 1992). A "responsible person" is one who has the "'final word as to what bills should or should not be paid and when.'" Purcell, 1 F.3d at 936 (quoting Wilson v. United States, 250 F.2d 312, 316 (9th Cir. 1958)). Failure to collect or pay over withheld taxes is "willful" when it results from a "'voluntary, conscious and intentional act to prefer other creditors over the United States.'" Id. at 938 (quoting Davis, 961 F.2d at 871).

The liability of a responsible person for the penalty under section 6672 (section 6672 penalty liability) is separate and distinct from the underlying trust fund tax liability of an employer. See Duncan v. Commissioner, 68 F.3d 315, 318 (9th Cir. 1995), aff'g on this point, rev'g and remanding on other points T.C. Memo. 1993-370; Mason v. Commissioner, 132 T.C. 301, 321 (2009); Solucorp, Ltd. v. Commissioner, T.C. Memo. 2013-118, at *11-*12. However, the IRS collects the total amount of the underlying trust fund tax liability only once. See Weber v. Commissioner, 138 T.C. 348, 358 (2012). To ensure that the total amount of the underlying trust fund tax liability is collected only once, the IRS cross-references payments against the trust fund tax liability of an employer and payments against the section 6672 penalty liability of a responsible person, see Internal Revenue Manual pt. 5.19.14.3.5 (Nov. 4, 2011), and those payments

**[*32]** ultimately reduce the amount of the section 6672 penalty liability of each responsible person, see Weber v. Commissioner, 138 T.C. at 358.

In petitioner's responses, petitioner admits the following facts. From the time petitioner incorporated Specialty Staff until at least April 10, 2013, she was its sole shareholder, president, chief executive officer, and director.

From the time petitioner opened the Specialty Staff checking account until at least April 10, 2013, she had sole signatory authority over that account.

During 2008 and 2009, petitioner received checks from Specialty Staff's clients, deposited them into the Specialty Staff checking account, and issued checks and initiated wire transfers to pay Specialty Staff's operating expenses.

During each of the quarters ended December 31, 2008, and June 30, September 30, and December 31, 2009, petitioner caused Specialty Staff to withhold taxes from the wages of its employees. Petitioner failed to remit those taxes to the IRS and instead knowingly used them to pay Specialty Staff's operating expenses.

The Court concludes that the undisputed facts establish petitioner's liability for petitioner's unpaid section 6672 liability. However, the Court understands petitioner to take the position that she should not be required to pay that liability. That is because, according to petitioner, respondent abused respondent's

**[*33]** discretion in filing a notice of tax lien with respect to Specialty Staff's unpaid tax liabilities and then refusing to withdraw that notice or subordinate the lien to certain security interests in Specialty Staff's receivables, as required by Specialty Staff's prospective creditors as a precondition to obtaining certain loans from those prospective creditors. Petitioner asserts that if respondent had not abused respondent's discretion in taking the foregoing actions, Specialty Staff would have been able to borrow money to satisfy Specialty Staff's unpaid tax liabilities, and she would not have been subjected to liability for any penalty under section 6672 with respect to those liabilities.

The Court rejects petitioner's assertions in support of her position that she should not be required to pay petitioner's unpaid section 6672 liability. The Court concludes that petitioner is liable for petitioner's unpaid section 6672 liability.

The Court turns next to the determinations that respondent made in the notices of determination as supplemented with respect to petitioner's unpaid section 6672 liability. It is petitioner's position that respondent abused respondent's discretion in making those determinations. In support of that position, petitioner advances the following argument (petitioner's argument) in the respective petitions in these consolidated cases: "The IRS should not be permitted to continue collection activities while related events awaiting US Tax Court

**[\*34]** decisions.  Specifically when the pending dockets have all correlation to the collection due process of the IRS in previous matters."

As the Court understands petitioner's argument, petitioner is arguing that respondent abused respondent's discretion in attempting to collect petitioner's unpaid section 6672 liability while the case (Specialty Staff case) that Specialty Staff commenced in the Court with respect to Specialty Staff's unpaid tax liabilities was pending.  As discussed above, the section 6672 penalty liability of a responsible person is separate and distinct from the trust fund tax liability of an employer. See Mason v. Commissioner, 132 T.C. at 321; Solucorp, Ltd. v. Commissioner, at \*11-\*12.  The IRS is not required to suspend efforts to collect the section 6672 penalty liability of a responsible person pending the outcome of a proceeding before the Court involving the trust fund tax liability of an employer.  See Solucorp, Ltd. v. Commissioner, at \*11-\*12.

The Court concludes that respondent did not abuse respondent's discretion in attempting to collect petitioner's unpaid section 6672 liability while the Specialty Staff case was pending before the Court.

Based upon the Court's examination of the entire record before it, the Court concludes that the determinations that respondent made in the levy notice of determination, as supplemented by the supplemental notice of determination, and

**[*35]** the lien notice of determination with respect to petitioner's unpaid section 6672 liability should be sustained.

The Court has considered all of the contentions and arguments of the parties that are not discussed herein, and the Court finds them to be without merit, irrelevant, and/or moot.

On the record before the Court, the Court will grant respondent's motions. To reflect the foregoing,

<u>Orders granting respondent's motions and decisions for respondent will be entered</u>.