T.C. Memo. 2018-113

UNITED STATES TAX COURT

DANIEL A. COLON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13933-16L.                    Filed July 19, 2018.

<u>Nancy Ortmeyer Kuhn</u>, for petitioner.

<u>Trevor B. Maddison</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1] petitioner seeks review of

the Internal Revenue Service Office of Appeals determination to proceed with

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** collection action by levy of unpaid trust fund recovery penalties (TFRPs) for the tax periods ending September 30 and December 31, 2011.  The only issue for decision is whether respondent abused his discretion by sustaining the proposed levy.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.[2]  Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.[3]

Petitioner resided in the Commonwealth of Virginia when he filed his petition.

During the periods at issue, petitioner was the chief executive officer of two related entities:  (1) Saint Catherine Physician Services (SCPS) and (2) Saint Catherine Hospital (SCH).  The Commissioner investigated petitioner for TFRP liabilities for both entities.

---

[2]We issued an order on October 17, 2017, granting the parties' joint motion to submit the case without trial pursuant to Rule 122.

[3]We will issue an order overruling respondent's objection to the introduction of Exhibits 20-P through 41-P, which are attached to the stipulation of facts.

**[*3]** SCPS-TFRP Investigation and Appeals Hearing

On June 27, 2012, the Commissioner issued petitioner a Letter 1153(DO) notifying petitioner of his intent to assess TFRPs against petitioner for SCPS' unpaid employment taxes for the tax periods ending September 30 and December 31, 2011. In the letter the Commissioner also informed petitioner of his right to appeal or protest the proposed assessment with the Office of Appeals. On or about August 23, 2012, petitioner timely appealed the proposed assessment.

Petitioner's appeal was assigned to Appeals Officer (AO) Frederick Anderson. Petitioner had a hearing to dispute the TFRPs. On or about March 25, 2015, AO Anderson notified petitioner that he intended to recommend that the TFRPs be assessed. In response, petitioner's counsel requested that the case be forwarded to the area director so that petitioner could challenge the proposed assessment. On May 14, 2015, the Office of Appeals notified petitioner that the TFRPs would be assessed. On May 26, 2015, the Commissioner timely assessed the TFRPs against petitioner for SCPS' unpaid employment taxes for the tax periods ending September 30 and December 31, 2011. AO Anderson secured supervisory approval for the penalty assessment.

**[*4]** <u>SCH-TFRP Investigation and Appeals Hearing</u>

The record is unclear as to whether petitioner received a Letter 1153 from the Commissioner for TFRPs for SCH, but petitioner disputed the proposed TFRPs for SCH's unpaid employment tax liabilities for the tax periods ending June 30, September 30, and December 31, 2011, and March 31, 2012. Petitioner's case was assigned to AO Beverly F. Levine. On October 29, 2015, the Office of Appeals issued petitioner a letter (October 29, 2015, letter) stating:

> We have considered your protest and the evidence and arguments in support of your position against the Trust Fund Recovery Penalty assessment.
>
> We are returning your case file to the Area Director with the determination that you be relieved of liability for the tax periods indicated above.

The October 29, 2015, letter referred to the tax periods ending "6/2011 09/2011 12/2011 03/2012". It did not refer to a specific entity, list the entity it applied to, or have an employment identification number. But that letter listed Beverly F. Levine, who was handling the SCH liability, as the person to contact.

<u>CDP Hearing for SCPS</u>

On November 10, 2015, the Commissioner issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for the TFRPs related to SCPS. Petitioner timely filed a request for a collection due

**[*5]** process (CDP) hearing, in which he claimed: "IRS Appeals relieved Mr. Colon of liability for identical tax periods for the Trust Fund Recovery Penalty Assessment in a related case and related taxpayer * * *. Therefore, he should be relieved for [sic] liability for these Trust Fund Recovery Penalties as well." Petitioner checked the collection alternative box for "I Cannot Pay Balance".

Petitioner's CDP hearing was initially assigned to Settlement Officer (SO) Robert Carbaugh. On January 21, 2016, SO Carbaugh sent petitioner a letter acknowledging his request for a CDP hearing. In that letter SO Carbaugh notified petitioner that in order for him to consider a collection alternative, petitioner needed to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and proof that estimated tax payments were paid in full for the year to date.

On February 4, 2016, petitioner's counsel called SO Carbaugh to contest the levy, and she submitted via facsimile a copy of the October 29, 2015, letter. On February 4, 2015, SO Carbaugh sent an email to AO Levine requesting certain documents related to AO Levine's TFRP hearing with petitioner to ascertain whether petitioner was relieved of liability for the TFRPs.[4] At some point

<hr>

[4]Although not explicitly stated in the email, it is evident that SO Carbaugh tried to determine whether petitioner was relieved of liability for the TFRPs

(continued...)

[*6] thereafter, a notice of determination was drafted stating that collection action was not sustained because AO Levine relieved petitioner "of the Trust Fund Recovery Penalty for the periods ending 06/30/2011, 09/30/2011, 12/31/2011, and 03/31/2012." The notice was signed by Appeals Team Manager Rhonda Warren but was never issued. In the case activity record for the CDP hearing, SO Carbaugh stated that he informed petitioner's counsel that "a determination will be made to NOT sustain" the collection action.

On February 26, 2016, SO Khalilah A. Pollock sent an email to Richard W. Bliss stating: "There has been a mistake in the processing and handling of * * * [petitioner's] case. Please **DO NOT** issue the notice of determination."[5]

On or about April 7, 2016, petitioner's CDP hearing was reassigned to SO Maria Smith. SO Smith determined that the October 29, 2015, letter applied only to petitioner's TFRP liabilities for SCH and not the liabilities for SCPS; thus, petitioner was not relieved of the TFRPs for SCPS. According to the case activity record, petitioner's counsel and SO Smith had a telephone conference call on May 4, 2016, during which SO Smith explained to petitioner's counsel that the October

---

[4](...continued)
related to SCPS because that was the liability the Commissioner sought to collect.

[5]SO Pollock's and Mr. Bliss' relationship to petitioner's CDP hearing is unclear.

**[*7]** 29, 2015, letter did not relieve petitioner of his TFRP liabilities for SCPS. SO Smith also explained that she could assist with collection alternatives. Petitioner's counsel seems to have told SO Smith that the October 29, 2015, letter applied to SCH and SCPS, and that petitioner was not interested in a collection alternative. SO Smith then told petitioner's counsel that she would have no choice but to issue a notice of determination.

On May 19, 2016, the Office of Appeals issued petitioner a notice of determination sustaining the proposed levy, which was signed by Appeals Team Manager Rhonda Warren. Petitioner timely filed a petition with this Court.

## Discussion

### A. Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.

[*8] Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Receipt of a Letter 1153 constitutes a prior opportunity to dispute the taxpayer's liability. Solucorp, Ltd. v. Commissioner, T.C. Memo. 2013-118, at *9; Morgan v. Commissioner, T.C. Memo. 2011-290, 2011 WL 6762929, at *3; McClure v. Commissioner, T.C. Memo. 2008-136, 2008 WL 2120973, at *3-*4; see Mason v. Commissioner, 132 T.C. 301, 317-318 (2009). Petitioner does not dispute that he received a Letter 1153, and the parties stipulated that petitioner had a hearing to dispute the TFRPs for SCPS with the Office of Appeals.[6] Therefore, petitioner is not entitled to contest the underlying TFRPs in this Court, and we will review the determination to sustain the proposed levy only for abuse of discretion.

---

[6]The stipulation states: "Petitioner had an Appeals hearing to dispute his underlying liability for Saint Catherine Physician Services."

[*9] B.  Analysis

In deciding whether SO Smith abused her discretion in sustaining the proposed levy, we review the record to determine whether she:  (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).  Our review of the record establishes that SO Smith properly considered all of these factors when making her determination.

Petitioner contends that AO Anderson abused his discretion by finding petitioner liable for the TFRPs for SCPS.  AO Anderson conducted petitioner's hearing with the Office of Appeals to determine whether petitioner was liable for the underlying TFRPs.  Thus, petitioner is not challenging the determination to sustain the proposed levy but is challenging AO Anderson's decision regarding the underlying liability.  We cannot consider AO Anderson's decision in this case. See sec. 6330(c)(2)(B).

Petitioner contends that the October 29, 2015, letter precludes the Commissioner from collecting the TFRPs for SCPS under principles of contract

[*10] law.  We need not decide how the principles of contract law interact with the October 29, 2015, letter because the weight of the evidence proves that the letter does not apply to the TFRPs for SCPS; it applies only to the TFRPs for SCH.

Petitioner's underlying liability hearing for the SCH TFRPs was assigned to AO Levine.  AO Levine appears to have signed an Appeals Transmittal and Case Memo-TFRP (ATCM) relieving petitioner of TFRPs for the tax periods "201106", "201109", "201112", and "201203".  The ATCM lists the related corporate entity as "SAINT CATHERINE HOSPITAL OF" and does not mention SCPS.  There is nothing in the record drafted by AO Levine regarding the TFRPs for SCPS.  The October 29, 2015, letter listed AO Levine, who was handling the SCH liability, as the person to contact.  Additionally, the October 29, 2015, letter was issued months after the Commissioner assessed the TFRPs for SCPS.[7]  Accordingly, the October 29, 2015, letter does not apply to the TFRPs for SCPS and does not preclude the Commissioner from collecting these liabilities.

Petitioner contends that section 6672 violates the Fifth Amendment to the Constitution under the void for vagueness doctrine.  The void for vagueness doctrine "requires the invalidation of laws that are impermissibly vague." FCC v. Fox TV Stations, Inc., 567 U.S. 239, 253 (2015).  A statute is impermissibly vague

---

[7]The Commissioner assessed the TFRPs for SCPS on May 26, 2015.

**[\*11]** if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304 (2008). However, "perfect clarity and precise guidance" are not required. Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989).

Section 6672(a) imposes a TFRP on "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof". The statute allows a TFRP to be imposed on any person (1) who is responsible for certain enumerated duties and (2) whose conduct is willful. A man of ordinary intelligence can determine that the willful failure of a responsible person to collect, account for, and pay over employment tax is prohibited, and this fairly clear definition does not lay a foundation for arbitrary enforcement. Accordingly, section 6672 is not void for vagueness.

Petitioner contends that SO Smith was not an impartial Appeals officer because her supervisor, Rhonda Warren, had prior involvement with the case. Under section 6330(b)(3), a CDP hearing to contest a levy must be conducted by an impartial officer or employee with no prior involvement. Prior involvement is

[*12] defined as "participation or involvement in a matter (other than a CDP hearing held under either section 6320 or section 6330) that the taxpayer may have had with respect to the tax and tax period shown on the CDP Notice." Sec. 301.6330-1(d)(2), A-D4, Proced. & Admin. Regs. There is no evidence that Ms. Warren had any involvement in any matter relating to petitioner except for the CDP hearing. Accordingly, Ms. Warren's involvement did not violate section 6330(b)(3).

Petitioner contends that SO Smith did not comply with the verification requirements of section 6330(c)(1). He seems to argue that it was an abuse of discretion for SO Smith not to look at the TFRP file for SCHS. An SO is not required to look at any particular document, Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003), and petitioner has not pointed to anything in the TFRP file that SO Smith needed to verify. Accordingly, SO Smith did not run afoul of the verification requirements by not looking at the TFRP file.

Finding no abuse of discretion in any respect, we will sustain the proposed collection action. In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

**[*13]** To reflect the foregoing,

An appropriate order and

decision will be entered.
